## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ARNEZ PROBY**                                                                 **PLAINTIFF**

**v.**                                                     **CAUSE NO. 1:23cv55-LG-RPM**

**SHELLPOINT MORTGAGE**
**SERVICING**                                                            **DEFENDANT**

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [2] Motion to Dismiss for Failure to State a

Claim filed by Shellpoint Mortgage Servicing.  After reviewing the Motion, the

record in this matter, and the appliable law, the Court finds that Shellpoint's

Motion to Dismiss should be granted.

### DISCUSSION

Proby filed an Emergency Petition for Ex Parte Temporary Restraining Order

and/or permanent injunction in the Chancery Court of Harrison County,

Mississippi.  Proby claims he has been "wrongfully accused of not paying monthly

mortgage payments on time and failing to take action to bring his account current."

(Petition, ECF No. 1-1).  He further alleges that Shellpoint transferred collection

duties over to an attorney and scheduled a foreclosure sale date despite his

attempts to complete a loss mitigation request.  He asks the Court to:

> enjoin the foreclosure proceedings for at least ninety (90) days or until
> trial on the merits can be heard, and that following a trial on the
> merits the Court grant [sic] permanent injunctive relief prohibiting
> Defendant herein from taking any other and further action to deprive
> Plaintiff of his home.

(*Id.* at 3).   The chancery court entered an ex parte temporary restraining order on February 14, 2023 and scheduled a hearing on March 2, 2023.  Shellpoint removed the case to this Court on the basis of diversity jurisdiction on February 28, 2023.  It now seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because Proby has not stated any claims but has merely filed a stand-alone request for injunctive relief. Proby did not file a response in opposition to the Motion or request permission to file an amended petition or complaint.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "It is well settled that an injunction is a remedy.  A claim for injunctive relief does not stand alone but requires a viable underlying legal claim." *Horne v. Time Warner Operations, Inc.* , 119 F. Supp. 2d 624, 630 (S.D. Miss. 1999), aff'd sub nom. *Horne v. Time Warner Operations*, 228 F.3d 408 (5th Cir. 2000). Since Proby has not stated a claim supporting his request for injunctive relief, this lawsuit must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [2] Motion to Dismiss for Failure to State a Claim filed by Shellpoint Mortgage Servicing is **GRANTED**.  This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE